UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| JEMAINE M. CANNON | ) | |
| | ) | |
| Appellant, | ) | DEATH PENALTY CASE |
| V. | ) | Execution date set for 07/20/2023 |
| | ) | |
| | ) | No. 23-5082 |
| | ) | (D.C. No 4:99-CV-00297-TCK-PJC |
| | ) | (N.D. Okla.) |
| CHRISTE QUICK, | ) | |
| | ) | No-23-5083 |
| Appellee. | ) | (D.C. No. 4:99-CV-00297-TCK-PJ) |
| | | (N.D. Oklahoma) |

## APPLICATION FOR A CERTIFICATE OF APPEALABILITY

The Defendant, Jemaine Monteil Cannon, by and through his court appointed counsel, Mark Henricksen, for his Application For A Certificate of Appealability shows the Court the following.

Mr. Cannon filed an Application For a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2254 and 2241 on July 14, 2023, in the Northern District of Oklahoma, and a Motion to Stay Proceedings on July 24, 2023. (Northern District Docs. 385, 386).

In Mr. Cannon's Application For a Writ of Habeas Corpus, he challenged the lawfulness of his continued custody, under the judgment and sentence entered against him in Tulsa County District Court, Case No. CF-1995-727.

1

Mr. Cannon claimed that the Oklahoma Court of Criminal Appeals erroneously denied his *pro se* application for capital post-conviction relief and related motion for evidentiary hearing, in Case No PCD-2023-511. (Northern District Doc. 385, at 2).

The Northern District of Oklahoma denied Mr. Cannon's Application For Writ Of Habeas Corpus and his Motion For a Stay on July 19, 2023. (Northern District Doc. 398). Mr. Cannon filed a Notice of Appeal on July 19, 2023.

## I. ISSUES PRESENTED ON APPEAL FOR WHICH A CERTIFICATE OF APPEAL IS REQUESTED.

(1) The State of Oklahoma lacked jurisdiction to prosecute him for committing first-degree murder in Indian Country because is an Indian, a jurisdiction claim.

(2) The State of Oklahoma provided Mr. Cannon with court-appointed, conflicted trial and appellate counsel which prevented Mr. Cannon's jurisdiction claim from being raised before his conviction became final.

(3) The Oklahoma Court of Criminal Appeals committed violations of Due Process, Equal Protection, by applying *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v .Oklahoma*, 142 S. Ct. 757 (2022) (*Wallace*) to deny Mr. Cannon's jurisdiction claim as it was asserted in Mr. Cannon's Application for Post Conviction Relief filed in September 2020.

(4) The Oklahoma Court of Criminal Appeals violated the Ex Post Facto Clause by applying *Wallace* to deny Mr. Cannon's jurisdiction claim asserted in his Application For Post Conviction application which he filed in September 2020.

(5) The Oklahoma Court of Criminal Appeals violated a pre-existing, long-

2

standing rule established by state law "that subject matter jurisdiction can never be waived or forfeited" by impermissibly imposing a condition for vacating a judgment void on its face - namely, the condition that the finality of a conviction precludes relief from the void judgment, as held in *Wallace*.

## II.  REASONS FOR GRANTING CERTIFICATE OF APPEALABILITY .

A Certificate of Appealability is warranted because as shown below the issues for appeal are debatable among jurists of reason and deserve encouragement to proceed further.   Thus, Mr.  Cannon has made a "substantial showing of the denial of a constitutional right."

## III.  THE STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY IS NOT DEMANDING.

A certificate of appealability is a jurisdictional prerequisite and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."  *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003).   Under 28 U.S.C. § 2253(c) the issuance of a COA is permissible only where a petitioner has made a substantial showing of the denial of a constitutional right.  Under the standard announced in *Barefoot v. Estelle*, 463 U.S. 880 (1983) a COA may be issued if a Petitioner shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. at

336, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot vs. Estelle*, 463 U.S. at 893, n.4).

Mr. Cannon is not required "to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus." *Miller-El v. Cockrell*, 537 U.S. at 338. If, in the opinion of a single Circuit Justice or the Court itself, a COA application has satisfied the *Barefoot* standard, then "a COA should issue (and an appeal of the district court's order may be taken.)" *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

The determination whether a COA should be issued, however, "does not require a full consideration of the factual or legal bases adduced in support of the claims" and does not require "a showing that the appeal will succeed." *Miller-El v. McDaniel*, 537 U.S. at 336-37. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*. at 338.

Mr. Cannon has made that substantial showing of the denial of a constitutional right within the meaning of *Slack v. McDaniel* in connection with his request for certificate of appealability on the following set forth above. Whether habeas corpus relief is warranted in these claims is  debatable among jurists of reason and could have been decided differently by the district court.

In summary, regardless of how the Tenth Circuit would resolve Mr. Cannon's appeal on the merits, his claims are, at a minimum, "reasonably debatable." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017).

Mr. Cannon is likely to succeed on the merits of his claim as argued in his Application for a Writ of Habeas Corpus Pursuant to 18 U.S.C. Sections 2254 and 2241 (Northern District Doc. 385) and the threshold showing was amply met in this case. This is not a second or successor 2254; it is an initial 2241. Therefore, this Court has jurisdiction as recently addressed in *Graham v. White*, 2023 WL 4141662 (N.D. Okla. June 22, 2023). As in *Graham*, Petitioner is attacking his post-conviction order, which is a 2241; he is not attacking his judgment and sentence under section 2254, as portrayed by the State.

In *Graham* the petitioner allege[d] that the state violated her right to due process by depriving her of a liberty interest—her freedom—without due process. Based on the newly announced *Wallace* rule, because petitioner's presented detention in state custody resulted from the claimed violation of her Fourteenth Amendment right to due process, her claim is just as close to the core of habeas corpus as an attack on her conviction, for it goes directly to the constitutionality of her physical confinement itself and seeks immediate release from that confinement. *Preiser v. Rogriguez*, 411 U.S. 475, 489 (1973); *see also Id.* at 484 ("It is clear, not only from

the language of §§ 2241 (c)(3) and 2254 (a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). *Davenport* 142 S. Ct. at 1520-21 (discussing history of "the Great Writ" and noting that "in both English and American law a habeas court could grant relief if the court of conviction lacked jurisdiction over the defendant or his offense." *Sellers*, 135 F.3d at 1339 (distinguishing between constitutional errors that "focus only on the state's post-conviction remedy" and constitutional errors that focus on "the judgment which provides the basis for the petitioner's incarceration."

## CONCLUSION

Mr. Cannon should be granted a certificate of appealablity on his foregoing claims.

Respectfully submitted,

s/ Mark Henricksen
MARK HENRICKSEN, OBA # 4102
Attorney for Appellant Jemaine Cannon
Henricksen & Henricksen
Lawyers, Inc.
600 North Walker, Suite 201
Oklahoma City, OK 73102-3035
(405) 609-1970
Mark@henricksenlaw.com

## CERTIFICATE OF COMPLIANCE

6

As required by FED. R. APP. P. 32(a)(7)(C), I certify that this document is proportionally spaced, WordPerfect in font size 14 in Times New Roman, and contains 1,544 words.

- I relied on my word processor to obtain the count and it is 1,544 words.
- I counted _____ characters per word, counting all characters including citations and numerals.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

>  s/s Mark Henricksen
>  MARK HENRICKSEN, OBA # 4102
>  Attorney for Appellant Jemaine Cannon
>  Henricksen & Henricksen
>  Lawyers, Inc.
>  600 N. Walker Avenue, Suite 201
>  Oklahoma City, Oklahoma 73102
>  (405) 609-1970
>  Mark@henricksenlaw.com

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning Avast Security, version 230718-0, updated July 18, 2023 and according to the program are free of viruses.

>  s/s Mark Henricksen
>  Mark Henricksen

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to the following:

Jennifer Crabb
Joshua Fanelli
fhc.docket@oag.ok.gov

<u>s/s Mark Henricksen</u>
MARK HENRICKSEN, OBA # 4102
Attorney for Appellant Jemaine Cannon
Henricksen & Henricksen
Lawyers, Inc.
600 N. Walker Avenue, Suite 201
Oklahoma City, Oklahoma 73102
(405) 609-1970
Mark@henricksenlaw.com
