## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| **In re: CANNON** | ) | **Case No. 23-5082** |
| | | |
| **JEMAINE MONTEIL CANNON,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Case No. 23-5083** |
| | ) | |
| **v.** | ) | **CAPITAL CASE** |
| | ) | |
| **CHRISTE QUICK, Warden,** | ) | **EXECUTION DATE:** |
| | ) | **JULY 20, 2023** |
| **Respondent.** | ) | **10:00 a.m. CST** |

### RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR AUTHORIZATION TO FILE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2244(b) BY A PRISONER IN STATE CUSTODY

Comes now Respondent, by and through Gentner F. Drummond, Attorney General of Oklahoma, as well as Joshua R. Fanelli and Jennifer L. Crabb, Assistant Attorneys General, and hereby responds in opposition to Petitioner being permitted to pursue a second or successive habeas petition under 28 U.S.C. § 2244(b).[1] Because Petitioner fails to make a *prima facie* showing that he can satisfy the

---

[1] Petitioner has filed a motion for Certificate of Appealability to which Respondent may not respond. 10th Cir. R. 22.1(B). However, Respondent presents this objection because the District Court transferred the Petition to this Court and this Court has ordered Respondent to "respond to any filing by Petitioner."

requirements of 28 U.S.C. § 2244(b)(2) for the filing of a successive habeas petition,

Respondent respectfully urges this Court to deny Petitioner's Motion.[2]

## PROCEDURAL HISTORY

Petitioner was convicted in District Court of Tulsa County Case No. CF-1995-727 of one count of First-Degree Murder and was sentenced to death. Petitioner's conviction and sentence have been affirmed on direct appeal[3], in three post-conviction proceedings[4], and through a number of proceedings on habeas review[5]. Cannon has also unsuccessfully challenged the State's lethal injection protocol.[6]

---

[2] Respondent largely focuses this Response on Petitioner's failure to make a *prima facie* showing that he can satisfy the requirements of 28 U.S.C. § 2244(b)(2). Thus, **this Response is not intended to provide a comprehensive defense to the claims raised.** ***Should Petitioner be granted authorization to file a successive § 2254 habeas petition, Respondent reserves the right to raise any and all applicable procedural and/or substantive defenses in response to the petition.***

[3] *Cannon v. State*, 961 P.2d 838 (Okla. Crim. App. 1998). Petitioner did not seek *certiorari* review.

[4] *Cannon v. State*, No. PCD-1998-179 (Okl. Cr. Apr. 9, 1999) (unpublished); *Cannon v. Oklahoma*, No. PCD-2020-620 (Okl. Cr. Sept. 16, 2021) (unpublished), *cert denied*, *Cannon v. Oklahoma*, 142 S. Ct. 1155 (2022); *Cannon v. State*, No. PCD-2023-511 (Okl. Cr. July 5, 2023) (unpublished).

[5] *Cannon v. Mullin*, No. 99-CV-297 H(M), 2002 WL 35630319 (N.D. Okla. Dec. 9, 2002) (unpublished); *Cannon v. Mullin*, 383 F.3d 1152 (10th Cir. 2004), *cert denied*, *Cannon v. Mullin*, 544 U.S. 928 (2005); *Cannon v. Workman*, No. 99-CV-297-TCK-PJC, 2011 WL 13071621 (N.D. Okla. Mar. 18, 2011) (unpublished); *Cannon v. Trammell*, No. 99-CV-297-TCK-PJC, 2013 WL 113117628 (N.D. Okla. Apr. 30, 2013) (unpublished); *Cannon v. Trammell*, 796 F.3d 1256 (10th Cir. 2015), *cert denied*, *Cannon v. Duckworth*, 579 U.S. 932 (2016).

[6] *Glossip v. Chandler*, No. CIV-2014-665-F, 2022 WL 1997194 (W.D. Okla. June 6, 2022).

In his second post-conviction application, Petitioner claimed the State lacked jurisdiction because he is Indian and committed the murder within the boundaries of the Muscogee Nation's reservation. *See McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). Before Petitioner's scheduled evidentiary hearing on his alleged Indian status, the OCCA denied the petition based on its holding in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 694 (Okla. Crim. App. 2021) that *McGirt* does not apply retroactively. *Cannon v. Oklahoma*, No. PCD-2020-620 (Okl. Cr. Sept. 16, 2021) (unpublished).

On June 16, 2023, Petitioner filed a Third Application for Post-Conviction Relief in the OCCA which the OCCA denied on adequate and independent state procedural grounds. *Cannon v. State*, No. PCD-2023-511 (Okl. Cr. July 5, 2023) (unpublished). As of the date of this filing, Petitioner has not sought *certiorari* review of the OCCA's decision, which forms the basis of Petitioner's attempt to file a second habeas petition pursuant to 28 § 2254 (as well as, purportedly, 28 U.S.C. § 2241).

On July 14, 2023, Petitioner, appearing *pro se*, filed in the District Court an "Application for a Writ of Habeas Corpus Pursuant to 18 [sic] U.S.C.A. 2254 and 2241," ostensibly seeking federal habeas corpus relief in the form of an unauthorized

second or successive habeas petition. *See* 28 U.S.C. § 2244 (a)–(b). *See* Doc. 385.[7] Petitioner also filed a "Motion to Stay Proceedings," seeking a stay of execution until the conclusion of his habeas proceedings. *See* Doc. 386. On July 17, 2023, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Second or Successive, a Brief in Support, and an Objection to Petitioner's Motion for Stay of Execution. *See* Docs. 387–89. As ordered by the court, on July 18, 2023, Petitioner's counsel filed responses to Respondent's Motion to Dismiss and Stay Objection in which they argued Petitioner's claims were properly construed as arising under 28 U.S.C. § 2241 and therefore not subject to the requirements of 28 U.S.C. § 2244(b). *See* Docs. 393–94. On that same day, Respondent filed a Reply to Petitioner's Response to Respondent's Motion to Dismiss. *See* Doc. 397.

On July 19, 2023, the District Court entered an order transferring the case to this Court to consider whether Petitioner's habeas petition is a second petition under § 2254 and whether it meets the requirements of § 2244(b).

## STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), before a federal district court may consider a second or successive habeas petition, the petitioner must obtain authorization to file same from the circuit court. *See* 28

---

[7] Citations to pleadings filed in the District Court will utilize the docket numbers assigned below. Citations to those documents will utilize original pagination.

U.S.C. § 2244(a), (b)(3)(A). If the petitioner seeks authorization to file a claim that was presented in a prior habeas petition, then authorization must be denied. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). If, however, the claim is new, then this Court must consider whether the petitioner can satisfy § 2244(b)(2) by showing that:

> **(A)** . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The petitioner must "make[] a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). This Court has "characterized this showing as involving only a preliminary determination based on an expedited assessment as to whether the movant's case in support of authorization demonstrates possible merit to warrant a further exploration of the grounds for authorization by the district court." *In re Encinias*, 821 F.3d 1224, 1225 (10th Cir. 2016). "While this determination may entail a cursory glance at the merits—for example, an applicant cannot show that he would not have been

convicted 'but for constitutional error' without adequately alleging some constitutional violation—the focus of the inquiry must always remain on the § 2244(b)(2) standards." *In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003).

## ARGUMENT AND AUTHORITY

### PETITIONER'S CLAIMS DO NOT MEET THE REQUIREMENTS OF 28 U.S.C. § 2244(b)(2).

Petitioner seeks to raise five (5) grounds for relief in his second habeas petition: (1) the state lacked jurisdiction because he is Indian and committed the crime in Indian country; (2) appellate counsel had a conflict of interest that prohibited him from raising the jurisdiction claim; (3) the OCCA's application of *Matloff* violated due process and equal protection; (4) the OCCA's application of *Matloff* violated the ex post facto clause; and (5) the OCCA contravened an Oklahoma Supreme Court decision. Doc. 385, at 11, 21, 23, 27, 29. Because Petitioner fails to make a *prima facie* showing that he can satisfy § 2244(b)(2)(B), Respondent respectfully asks that this Court deny authorization.

### A.    *Preliminary Statement on Untimeliness*

This Court has construed § 2244(b) to strictly limit the issues that may be considered in ruling on a § 2244(b) application:

> Section § 2244(b)(3)(C) directs the appellate court to determine whether the petitioner has "ma[d]e a prima facie showing that [his] application satisfies the requirements of this subsection." (Emphasis added). This statutory mandate does not direct the appellate court to

6

engage in a preliminary merits assessment. Rather, it focuses our inquiry solely on the conditions specified in § 2244(b) that justify raising a new habeas claim, i.e., the claim relies on a new rule of law made retroactive on collateral review by the Supreme Court, 28 U.S.C. § 2244(b)(2)(A), or involves new facts clearly and convincingly showing that, but for the alleged constitutional error, no reasonable jury would have found the petitioner guilty of the offense, 28 U.S.C. § 2244(b)(2)(B). . . .

Nor is the authorization process structured to suggest an inquiry beyond the conditions specified in § 2244(b)(2). The typical authorization proceeding is an ex parte matter, with little if any factual record, that is to be decided—conclusively, if denied—in thirty days. These parameters indicate a streamlined procedure with a narrow focus on a fixed set of pre-specified and easily assessed criteria, which would be disrupted by engaging the manifold merits issues raised by potentially complex, fact-bound constitutional claims. . . .

In sum, the plain language of the statute directs us to focus solely on the conditions Congress has designated as controlling with respect to the authorization of second or successive habeas petitions.

*Ochoa v. Sirmons*, 485 F.3d 538, 541–44 (10th Cir. 2007) (footnote omitted); *but see In re Rosado*, 7 F.4th 152, 156–57 (3d Cir. 2021) (holding that § 2244(b) applications may be denied as time-barred under the AEDPA in "rare[]" situations where "the state responds and raises the defense," "[t]he prisoner then asserts his position," and "the facts are clear, uncontested, and offer no grounds for tolling").

The State recognizes that this Court is bound by *Ochoa* to "focus[] [its] inquiry solely on the conditions specified in § 2244(b) that justify raising a new habeas claim." *Ochoa*, 485 F.3d at 541. Nonetheless, in an abundance of caution

and in light of the exigencies of this case, the State submits that the claims Petitioner seeks to raise in his second habeas petition are time-barred.

### 1.    The Petition is Untimely Under the AEDPA.

The AEDPA establishes a one-year period of limitations for habeas corpus petitions filed by individuals in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). That limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[8]

Here, the OCCA affirmed Petitioner's Judgment and Sentence on May 8, 1998. *Cannon*, 961 P.2d at 856. The OCCA denied rehearing on June 9, 1998. Accordingly, Petitioner had ninety (90) days from that date within which to seek *certiorari* review. SUP. CT. R. 13.3. Because Petitioner did not perfect a petition for writ of *certiorari* with the Supreme Court, his conviction became final on September 7, 1998, ninety (90) days after rehearing was denied by the OCCA. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *see also* SUP. CT. R. 13.3.

---

[8] 28 U.S.C. § 2244(d)(1) contains three (3) other triggering events, none of which are implicated in, or relevant to, Petitioner's instant request for habeas relief. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Petitioner alleges no state impediment, as required by § 2244(d)(1)(B). *McGirt* did not recognize a new constitutional right as required by § 2244(d)(1)(C). *Pacheco v. El Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023). As discussed *infra*, *Brown v. Davenport*, 142 S. Ct. 1510 (2022) and *Cruz v. Arizona*, 143 S. Ct. 650 (2023) do not involve the announcement of any new constitutional rights. And, as explained *infra*, none of Petitioner's claims involve a new factual predicate as required by § 2244(d)(1)(D).

Under § 2244(d)(1)(A), the statute of limitations would have begun to run on September 8, 1998. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (the statute of limitations begins to run the day after the conviction becomes final). However, the statute of limitations was tolled by Petitioner's then-pending application for post-conviction relief. 28 U.S.C. § 2244(d)(2). This application was denied on April 9, 1999. Thus, the limitations period began to run on April 10, 1999. *See Lawrence v. Florida*, 549 U.S. 327, 331–36 (2007) (the statute of limitations is not tolled during the time in which a petitioner may seek *certiorari* review of the denial of a state post-conviction application).

Petitioner did not seek relief in state court again until his 2020 post-conviction application. Petitioner's timely filed first habeas petition did not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Accordingly, the statute of limitations expired on April 10, 2000. Based on the foregoing, Petitioner's instant habeas Petition is time-barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).

## 2.     The Petition Does Not Warrant Equitable Tolling.

The AEDPA "limitations period may be equitably tolled if the petitioner 'diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220

(10th Cir. 2000)). To warrant equitable tolling, a habeas petitioner must allege "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. at 336 (citation and internal quotation marks omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).

Equitable tolling applies "only in rare and exceptional circumstances," as in the case of actual innocence or where other uncontrollable circumstances prevent a petitioner's timely habeas filing. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). Indeed, "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks omitted).

Although the petition was filed *pro se*, his attorneys did not address timeliness in their response in the District Court. *See* Doc. 394, at 1–3. Thus, whether or not this Court affords Petitioner a liberal construction, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this case is not one of those "rare and exceptional circumstances," such as in the case of actual innocence or where otherwise uncontrollable circumstances prevent a habeas petitioner's timely filing, Petitioner is not entitled to equitable tolling for his belated petition. *Gibson*, 232 F.3d at 808 ("Simple excusable neglect is not sufficient" to warrant equitable tolling); *see also*

10

*Pacheco*, 62 F.4th at 1241–46 (*McGirt* claim is not subject to equitable tolling based on actual innocence).[9]

### B.    The Petition is Properly Construed as a § 2254 Petition.

Petitioner's primary argument below was that his petition is properly construed as arising under 28 U.S.C. § 2241 and not subject to § 2244(b). *See* Doc. 393, at 2–3; Doc. 394, at 1–3.[10] The District Court correctly held to the contrary. *See* Doc. 398, at 3–5.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity[.]" *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). In fact, a § 2241 petition may not challenge the validity of a conviction. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009).

Grounds I and II seek immediate relief from Petitioner's convictions based on the State's alleged lack of jurisdiction and appellate counsel's failure to challenge

---

[9] Petitioner's delay from September 16, 2021, when the OCCA denied the *McGirt* claim raised in his second post-conviction application, until he filed his third post-conviction application challenging the denial of the *McGirt* claim on June 16, 2023 (a mere month before his scheduled execution), establishes a lack of diligence. *See Law v. Jones*, No. 11-5040, 433 F. App'x 651, 652 (10th Cir. Aug. 5, 2011) (unpublished) (delay of almost two years defeated claim of diligence).

[10] Petitioner raised these arguments in his responses, only after Respondent made the argument construing his petition as arising under 28 U.S.C. § 2254 in Respondent's Motion to Dismiss. *See* Doc. 388, at 8–10.

the State's jurisdiction. In *Yellowbear*, the petitioner was an Indian who alleged that the crime for which he was being prosecuted in state court was committed in Indian country. *Yellowbear*, 525 F.3d at 922–23. The petitioner originally filed a section 2241 petition during his state trial, but by the time his petition reached the Tenth Circuit, he had been convicted in state court. *Id.* at 923. The Tenth Circuit held that "Mr. Yellowbear's claim that the state court lacked jurisdiction over him is an attack on his conviction and sentence. His petition must therefore be brought under § 2254." *Id.* at 924. *See Hayes v. Bear*, No. 18-6048, 739 F. App'x 930, 931 (10th Cir. June 28, 2018) (unpublished) (Indian country jurisdiction claim cannot be brought under § 2241).

As discussed *infra*, Grounds III through V allege errors in post-conviction procedure and are not cognizable under either § 2241 or § 2254. Further, as held by the District Court, federal courts may not act as super-appellate courts exercising direct review over state court decisions. *See* Doc. 398, at 4–5. Petitioner's claims are subject to § 2244(b).

The recent decision in *Graham v. White* does not establish otherwise. *Graham* involved a first habeas petition, rather than a second or successive. *Graham v. White*, ___ F. Supp. 3d ___, No. 23-CV-0164-CVE-SH, 2023 WL 4141662 (June 22, 2023). The court held that, under the unique facts of that case, the petitioner's right to due process was violated when: (1) the State district court granted post-conviction relief

on an Indian country jurisdiction claim and the petitioner was released from state custody; (2) after *Matloff* was decided, the State filed a motion to vacate the order granting post-conviction relief; (3) the motion was granted and the State district court reinstated the judgment and sentence but stayed its decision pending the petitioner's filing of an extraordinary writ in the Oklahoma Court of Criminal Appeals ("OCCA"); and (4) the OCCA denied the writ and the petitioner was taken back into custody.[11] *Graham*, 2023 WL 4141662. *Graham* did not involve a § 2241 petition: "Before the court is petitioner Kimberly Graham's 28 U.S.C. § 2254 petition for writ of habeas corpus[.]" *Id*. at *1. This is dispositive of Petitioner's argument. However, it is important to note that *Graham* also did not involve the constitutionality of *Matloff* or its application to the petitioner's case. Rather, the court found due process violated because: (1) the petitioner's convictions were vacated and the State did not appeal the order granting post-conviction relief; (2) the time for the State to appeal had lapsed; (3) the petitioner was released from State custody; and (4) the court disagreed with the OCCA's determination that the state district court's order granting post-conviction relief was unauthorized by law and therefore subject to a writ of prohibition. *Id*. at *16–18.

*Graham* bears no resemblance, legally or factually, to this case. The District Court was correct in making this observation. *See* Doc. 398, at 5 n.2.

---

[11] The respondent in *Graham* is pursuing an appeal.

**B.**    ***Petitioner's Claims Do Not Meet the Requirements of § 2244(b)(2)(B)***

Petitioner has not made a *prima facie* showing that his claims satisfy the requirements of § 2244(b)(2)(B).[12] "The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). The gate-keeping requirements set forth in 28 U.S.C. § 2244(b) "are jurisdictional in nature, and must be considered prior to the merits of a 2254 petition." *Id*., 731 F.3d at 1027 (citing *Panetti v. Quarterman*, 551 U.S. 930, 942–47 (2007)).

**1.**    **Petitioner's Claims Do Not Satisfy § 2244(b)(2)(A).**

*First*, Petitioner has not shown that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2244(b)(2)(A). Generally, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government" or "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original) (citing *Rock v. Arkansas*, 483 U.S. 44, 62 (1987), and *Ford v. Wainwright*, 477 U.S. 399, 410 (1986)). Conversely,

---

[12] It is a habeas petitioner's burden to make a *prima facie* showing that he satisfies the AEDPA criteria required for filing a second or successive petition. 28 U.S.C. § 2244(b)(3)(C).

a case does not "announce a new rule" where "it was merely an application of the principle that governed" an earlier decision. *Id*. at 307 (internal citations and quotations omitted).

Notably, the § 2244(d)(2)(A) inquiry is more restrictive than *Teague* in that only the Supreme Court may declare a rule retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Furthermore, under the "previously unavailable" clause of § 2244(d)(2)(A), a petitioner may not receive authorization for leave to file a second habeas petition based on a Supreme Court case decided prior to his first habeas petition, even if the case announced a new, retroactive constitutional rule. *See In re Bowles*, 935 F.3d 1210, 1215 (11th Cir. 2019) (claim based on new, retroactive rule decided before first habeas petition did not qualify because it was not previously unavailable).

Petitioner's claims consist of jurisdictional challenges and complaints about the OCCA's post-conviction process. In particular, Petitioner attacks the lawfulness of his underlying conviction based on *Solem v. Bartlett*, 465 U.S. 467, 470 (1984), challenges the alleged conflict between trial and appellate counsel, takes issue with the OCCA's application of *Wallace*, 497 P.3d at 689, to his case, and seeks relief based upon *Pettis v. Johnston*, 190 P. 681 (Okla. 1920). Doc. 385, at 11, 21, 23, 27, 29.

Importantly, the mere fact that Petitioner raises jurisdictional claims in his

15

second or successive petition does not excuse him from the requirements in 28
U.S.C. § 2244(b):

> Dopp's jurisdictional challenge is not exempt from authorization under
> § 2244(b). In *Cline*, we rejected a prisoner's contention that a
> jurisdictional claim can be raised at any time in a motion under Rule
> 60(b). 531 F.3d at 1253. We held that the prisoner's motion challenging
> the trial court's jurisdiction was a second or successive § 2255 motion
> and was therefore subject to the authorization requirement in § 2255(h).
> *Id*. *The same rule applies to a successive § 2254 application asserting
> a jurisdictional defect.* In fact, "this court has barred a state prisoner
> convicted of murder and sentenced to death by the wrong sovereign
> from bringing a successive collateral attack to contest his conviction on
> this [jurisdictional] basis." *Prost v. Anderson*, 636 F.3d 578, 592 (10th
> Cir. 2011). As we explained in *Prost*, "[t]his is because . . . *lack of
> jurisdiction is not one of the two authorized grounds upon which a
> successive § 2254 motion may be filed*." *Id*; *see also* § 2244(b)(2)
> (setting forth the statutory bases for authorization of a second or
> successive § 2254 habeas application). *Thus, the jurisdictional nature
> of Dopp's claim does not exempt his § 2254 application from dismissal
> for lack of jurisdiction as a successive and unauthorized application.*

*Dopp v. Martin*, 750 F. App'x 754, 756–57 (10th Cir. 2018) (unpublished) (emphasis
added). *See McGill v. Rankin*, No. 23-5014, 2023 WL 3716817, *2 (10th Cir. May
30, 2023) (unpublished) (*McGirt* claim did not qualify under § 2244(b)(2)); *see also
White v. Farris*, No. 21-7060, 2022 WL 454009, *1 n.1 (10th Cir. Feb. 15, 2022)
(unpublished) (noting this Court denied the petitioner's request to file a second or
successive habeas petition raising a *McGirt* claim); *see also Hall v. Falk*, No. 13-
1291, 535 F. App'x 762, 763 (10th Cir. Oct. 21, 2013) (unpublished) (federal district
court properly dismissed second or successive petition raising a subject matter
jurisdiction claim).

In any event, a review of every Supreme Court case cited by Petitioner reveals no newly available case—*i.e.*, decided since Petitioner's first habeas petition—that has been declared retroactive by the Supreme Court itself. *See Tyler*, 533 U.S. at 663. For starters, to the extent Petitioner relies on *McGirt*, "'the Supreme Court has not held that *McGirt* is retroactive'". *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021), *certificate of appealability denied*, No. 21-6106, 2022 WL 176139 (10th Cir. Jan. 20, 2022) (unpublished) (quoting *In re Morgan*, No. 20-6123 (10th Cir. Sept. 18, 2020) (unpublished order denying authorization to file a second or successive § 2254 habeas petition).

*Brown v. Davenport*, 142 S. Ct. 1510, 1517 (2022) did not announce a new constitutional rule, let alone hold same to be retroactive. *Cruz v. Arizona*, 143 S. Ct. 650 (2023) likewise failed to announce a new, retroactive, constitutional rule.

Finally, the remaining Supreme Court cases cited by Petitioner were all decided long before Petitioner filed his first habeas petition in 1999 and thus were not "previously unavailable," even assuming *arguendo* they announced then-new, retroactive, constitutional rules. *See* Doc. 385, at 5, 11, 13, 17, 22–23, 28, 30 (citing *Solem* (1984)), 7 (citing *Hicks v. Oklahoma*, 447 U.S. 343 (1980)), 8 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)), 11, 25, 29 (citing *Landgraf v. USI Film Prod.*, 511 U.S. 244 (1994)), 12 (citing *United States v. Ramsey*, 271 U.S. 467 (1926)), 12–13 (citing *United States v. Celestine*, 215 U.S. 278 (1909)), 13 (citing *United States*

*v. McGowan*, 302 U.S. 535 (1938)), 13, 15 (citing *United States v. John*, 437 U.S. 634 (1978)), 14 (citing *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759 (1985); *United States v. Mazurie*, 419 U.S. 544 (1975)), 15 (citing *Moe v. Confederated Salish & Kootenai Tribes of Flathead Rsrv.*, 425 U.S. 463 (1976)), 19 (citing *United States v. Antelope*, 430 U.S. 641 (1977); *United States v. Rogers*, 45 U.S. 567 (1846)), 22 (citing *Holloway v. Arkansas*, 435 U.S. 475 (1978)), 26 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979)), 28 (citing *Weaver v. Graham*, 450 U.S. 24 (1981)); *Marks v. United States*, 430 U.S. 188 (1977)).

### 2.    Petitioner's Claims Do Not Satisfy § 2244(b)(2)(B)(i).

*Second*, Petitioner has not shown that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" or that these facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)–(ii). With respect to the first prong, "an applicant seeking permission to file a second or subsequent habeas motion must show some good reason why he or she was unable to discover the facts supporting the motion before filing of the first habeas motion." *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).

With respect to Petitioner's first two grounds for relief (that Oklahoma courts lacked jurisdiction because he is Indian and that he had conflicted counsel on direct

appeal), the factual basis for those claims could have been previously discovered. 28

U.S.C. § 2244(b)(2)(B)(i); *see McGill*, No. 23-5014, 2023 WL 3716817, *2 (*McGirt*

claim did not qualify under § 2244(b)(2)). Since Petitioner has clearly fallen short

of the first prong of 28 U.S.C. § 2244(b)(2)(B), the analysis can end there. *See Case*,

731 F.3d at 1031 ("Since the requirements of § 2244(b)(2)(B) are 'conjunctive,' and

if [the petitioner] fails at either step, we will dismiss his petition.").

Petitioner's remaining grounds for relief challenge the OCCA's denial of his

successive post-conviction application. As found by the District Court, these claims

are not cognizable on habeas review.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th

Cir. 1998) ("[B]ecause the constitutional error he raises focuses only on the State's

post-conviction remedy and not the judgment which provides the basis for his

incarceration, it states no cognizable federal habeas claim."); *Steele v. Young*, 11

F.3d 1518, 1524 (10th Cir. 1993). Accordingly, they cannot form the basis for a

successive habeas petition. *Pease v. Klinger*, 115 F.3d 763, 765 (10th Cir. 1997) (per

curiam); *cf. Resinger v. Farris*, No. 20-7009, 804 F. App'x 1001, 1002 n.2 (10th Cir.

May 5, 2020) (unpublished) (district court was "undeniably correct" in "reject[ing]

the assertion that the mere fact the state trial court considered Resinger's 2017 post-

conviction motion on the merits created a new factual predicate for purposes of

§ 2244(d)(1)(D)").

### 3.    Petitioner's Claims Do Not Satisfy § 2244(b)(2)(B)(ii).

Petitioner's claim further fails to satisfy § 2244(b)(2)(B)(ii), which requires a

*prime facie* showing that

> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B)(ii); *Case v. Hatch*, 731 F.3d 1015, 1028 (10th Cir. 2013).

This Court has explained regarding a petitioner's *prima facie* burden:

> By "prima facie showing" we understand (without guidance in the statutory language or history or case law) simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. All that we usually have before us in ruling on such an application, which we must do under a tight deadline (*see* 28 U.S.C. § 2244(b)(3)(D)), is the application itself and documents required to be attached to it, consisting of the previous motions and opinions in the case. We do not usually have a response from the government, though such a response is authorized. If in light of the documents submitted with the application it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition, we shall grant the application.

*Case*, 731 F.3d at 1028–29 (quoting and adopting standard from *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)) (alteration adopted).

*First*, Petitioner does not actually allege a "constitutional error." *See Case*, 731 F.3d at 1037 ("[A] successive petitioner's claim of innocence must be tethered to a claim of constitutional error in order for the subparagraph (B)(ii) standard to be met."). *Second*, Petitioner does not claim to possess facts affecting the determination

of his guilt. 28 U.S.C. § 2244(b)(2)(B)(ii); *see Pacheco*, 48 F.4th at 1186–90 (Indian country claim does not implicate actual innocence to excuse an untimely habeas petition). Petitioner has failed to meet his *prima facie* burden.

## <u>CONCLUSION</u>

For the reasons discussed above, Respondent respectfully asks that this Court find Petitioner's claims do not meet the requirements of 28 U.S.C. § 2244(b)(2)(B) and deny Petitioner leave to file a successive habeas petition raising these claims.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**/s Joshua R. Fanelli**
**JOSHUA R. FANELLI, OBA #33503**
**ASSISTANT ATTORNEY GENERAL**

**s/ Jennifer L. Crabb**
**JENNIFER L. CRABB, OBA #20546**
**ASSISTANT ATTORNEY GENERAL**

**OKLAHOMA ATTORNEY GENERAL'S OFFICE**

313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921    FAX (405) 522-4534

**Service emails: fhc.docket@oag.ok.gov**
**joshua.fanelli@oag.ok.gov**
**jennifer.crabb@oag.ok.gov**

**ATTORNEYS FOR RESPONDENT**

21

## <u>CERTIFICATE OF COMPLIANCE</u>

This response complies with the typeface requirements of Fed. R. App. P. 32 because it was prepared in a proportionally spaced font (Times New Roman, 14-point) using Microsoft Word 2016. The document complies with the type-volume limitation of Fed. R. App. P. 27, because it contains 5.198 words, excluding the parts exempted.

s/ *Joshua R. Fanelli*
Joshua R. Fanelli

## <u>CERTIFICATE OF SERVICE</u>

<u>X</u>     I hereby certify that a copy of this Response in Opposition to Petitioner's Motion for Authorization to file a Second or Successive Habeas Corpus Petition Under U.S.C. § 2244(b) by a Prisoner in State Custody was electronically filed with the Clerk of this Court on July 19, 2023, and was emailed to the Warden of Oklahoma State Penitentiary with directions to deliver the same to:

> Jemaine Monteil Cannon, DOC #: 201615
> H-Unit
> Oklahoma State Penitentiary
> P.O. Box 97
> McAlester, Oklahoma 74502

<u>X</u>     I hereby certify that a copy of this Response in Opposition to Petitioner's Motion for Authorization to file a Second or Successive Habeas Corpus Petition Under U.S.C. § 2244(b) by a Prisoner in State Custody was electronically filed with the Clerk of this Court on July 19, 2023, and was served via the Court's CM/ECF filing system on the following registrants:

> mark@henricksenlaw.com
> lanita@henricksenlaw.com

<u>**s/ JOSHUA R. FANELLI**</u>

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

This is to certify that:

1.      All required redactions have been made and, with the exception of those redactions, every document submitted in Digital Form or scanned PDF form is an exact copy of the document filed with the Clerk;

2.      The digital submissions have been scanned for viruses with Symantec Endpoint Protection, Updated 7/19/23, and according to said program, are free of viruses.


<u>**s/ JOSHUA R. FANELLI**</u>