FILED  
United States Court of Appeals  
Tenth Circuit

July 19, 2023

Christopher M. Wolpert  
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| In re: JEMAINE MONTEIL CANNON, <br><br> Movant. | No. 23-5082 <br> (D.C. No. 4:99-CV-00297-TCK-PJC) <br> (N.D. Okla.) |
| --- | |
| JEMAINE MONTEIL CANNON, <br><br> Petitioner – Appellant, <br><br> v. <br><br> CHRISTIE QUICK, Acting Warden, <br><br> Respondent – Appellee. | No. 23-5083 <br> (D.C. No. 4:99-CV-00297-TCK-PJC) <br> (N.D. Okla.) |

---

**ORDER**

---

Before **TYMKOVICH**, **PHILLIPS**, and **CARSON**, Circuit Judges.

---

Jemaine Monteil Cannon, an Oklahoma state prisoner who is scheduled to be executed on July 20, 2023, filed an "Application for a Writ of Habeas Corpus Pursuant to 18 U.S.C.A. 2254 and 2241" in the Northern District of Oklahoma. The State of Oklahoma filed a motion to dismiss the application as second or successive. As directed by the district court, Mr. Cannon's counsel filed a response to the motion to dismiss, and the State filed a reply to the response.

In an Opinion and Order, the district court considered each of Mr. Cannon's claims and determined that his application sought relief under 28 U.S.C. § 2254, not § 2241. The district court further determined that the habeas application was a second or successive habeas application subject to the requirements of 28 U.S.C. § 2244(b). Because these requirements had not been met, and because it determined that it would best serve the interests of justice, *see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); 28 U.S.C. § 1631, the district court transferred Mr. Cannon's habeas application to this court for authorization.[1] The documents transferred by the district court were opened in this court as No. 23-5082. Mr. Cannon also filed a notice of appeal, which was opened as No. 23-5083. This court ordered the two matters procedurally consolidated for purposes of filings and submissions. Mr. Cannon has filed an "Application for a Certificate of Appealability" and a "Motion for Stay of Execution." He has not filed a motion for authorization to file a second or successive habeas application pursuant to 28 U.S.C. § 2244(b)(3)(A).

**Mr. Cannon Is Not Entitled to a Certificate of Appealability to Challenge the District Court's Transfer Order.**

Mr. Cannon seeks to assert five issues on appeal. To appeal the district court's order, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). To obtain a COA, he must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[1] Pursuant to 18 U.S.C. §§ 3006A(c) and 3599(a)(2), Mark Henricksen is appointed as counsel of record for Jemaine Monteil Cannon. The appointment is effective as of the date of this order.

right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). We need not reach the constitutional component of this standard because it is apparent Mr. Cannon cannot meet his burden on the procedural one. *See id.* at 485.

On the procedural issue, Mr. Cannon argues that the district court erred in treating his application as a second or successive application under § 2254. He contends he is not attacking his judgment and sentence under § 2254 but instead he is attacking the state-court's post-conviction order and therefore his application is more properly construed as a § 2241 habeas petition. He offers no on-point authority that this distinction supports his argument that the filing was properly brought under § 2241, rather than § 2254.

Mr. Cannon has failed to show that jurists of reason could debate whether the district court determined that his habeas application filed on July 14, 2023, was a second or successive application under § 2254. We therefore deny a COA and dismiss this matter. We deny his motion for stay of execution as moot.[2]

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[2] In an abundance of caution, this order was circulated to all active judges of this court prior to issuance. No judge requested a poll on the questions presented by Appellant. Thus, no *en banc* consideration is warranted or available.